**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

FLEM WILLIAMS,                   :

                                :

    Plaintiff,              :

                                :

v.                            :       CASE NO.:  7:25-CV-00052 (WLS)

                                :

STATE OF FLORIDA, *et al.*,    :

                                :

    Defendants.        :

_____:

## **ORDER**

This matter is before the Court due to Plaintiff's failure to properly serve Defendants. Previously, on March 3, 2026, the Court ordered Plaintiff to serve a copy of his Complaint on all Defendants in accordance with Federal Rule of Civil Procedure 4 and file proof of service on the Docket within ninety days, or by June 1, 2026. (Doc. 10). The Court warned Plaintiff that a failure to timely comply with the Court's orders could result in his case being dismissed without prejudice and without further notice or proceedings. When Plaintiff failed to file proof of service by June 1, the Court ordered Plaintiff for the second time to file the appropriate proof of executed service, as is required by the Federal Rules, by June 12, 2026. (Doc. 12). The Court advised Plaintiff of the proof of service form located on the Court's website and again warned Plaintiff that failure to comply could result in the dismissal of his case.

On June 12, 2026, Plaintiff filed a document that appears to be a summons to the Defendants. (*See* Doc. 13). This summons is defective in that it is not signed by the Clerk and does not bear the Court's seal as required by Rule 4(a)(1). In any event, a summons does not qualify as proof of service because, as noted below, Rule 4 requires an affidavit from the person making service as proof of such service. *See* Fed. R. Civ. P. 4(l)(1).

Under Federal Rule of Civil Procedure Rule 4, if the defendant is not served within ninety days after a complaint is filed, the district court, after noticing the plaintiff, "*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4 also provides that "unless

1

service is waived, proof of service must be made to the court . . . by the server's affidavit." Fed. R. Civ. P. 4(l)(1). Here, more than 110 days have passed since the Court first ordered Plaintiff to effectuate proper service and to file proof of service, via the form on the Court's website, in accordance with the Federal Rules. (*See* Doc. 10). The Court has provided Plaintiff with multiple opportunities to comply with its Orders (Docs. 10 & 12) and has also warned Plaintiff that his failure to do so could result in a dismissal. Despite the Court's warnings and explicit instructions, Plaintiff has failed to file proof of service on the Docket by the deadline prescribed by the Court.

Accordingly, because Plaintiff has failed to file proof of service and failed to comply with the Court's Orders, his Complaint (Doc. 1) is **DISMISSED**, without prejudice. *See* Fed. R. Civ. P. 4 & 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 25th day of June 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**